IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN LAWRENCE GARDUNO,

    Petitioner,                  No. CIV S-11-0469 CKD P

    vs.

MIKE D. MCDONALD,

    Respondent.             ORDER

_____/

        On August 12, 2011, petitioner filed a motion to stay and hold in abeyance claims pertaining to his 1995 and 2009 convictions, respectively, while he exhausts such claims in state court. See Rhines v. Weber, 544 U.S. 269 (2005); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). For the reasons set forth below, the court will deny petitioner's motion.

Stay of Claim Challeging 2009 Conviction

        This action is proceeding on the first amended petition (hereinafter "FAP") in which petitioner challenges his 2009 conviction for assault with a firearm and possession of a firearm by a felon. The jury also found that petitioner had four prior convictions. (FAP; Lod. Doc. No. 4 at 1.) In the FAP, petitioner claims that his trial counsel in 2008 was ineffective for failing to investigate the 1995 prior conviction, and raises various other challenges to the 1995 conviction that, in part, formed the basis of his 2009 sentence.

Briefing on the FAP is well underway: Respondent has filed an answer, and this court by concurrent order will grant petitioner's August 31, 2011 motion for a second extension of time to file his traverse. Notably, respondent does not contend that any of petitioner's claims as to the 2009 conviction are unexhausted, but addresses them on the merits. (See Dkt. No. 14 at 6-7 (recounting petitioner's state court challenges to his 2009 conviction and sentence).) Petitioner currently seeks a stay in order to "present in the state court the issue of ineffective assistance of his trial counsels during the sentence in 2009 conviction." However, respondent has already addressed the merits of that claim in the answer, and petitioner may further argue its merits in his traverse. Dkt. No. 14 at 13-15. This being so, the court will deny petitioner's request to stay his ineffective assistance claim concerning his 2009 conviction. (See Dkt. No. 19 at 3.)

Stay of Claims Challenging 1995 Conviction

Petitioner also seeks to stay claims or potential claims directly attacking his 1995 conviction. As petitioner acknowledges in his motion, the court informed petitioner in June 2011 that he had only one active case pending: the instant action challenging the 2009 conviction. Petitioner states that he mailed a separate petition challenging the 1995 conviction, which the court apparently never received. At any rate, the undersigned cannot grant a motion to stay a petition challenging the 1995 conviction when no such petition has been filed. Thus, the court will deny the instant motion in its entirety.

Accordingly, IT IS HEREBY ORDERED that petitioner's August 12, 2011 motion to stay the petition (Dkt. No. 19) is denied.

Dated: September 6, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
gard0469.ord