IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN LAWRENCE GARDUNO,

    Petitioner,                   No. CIV S-11-0469 CKD P

    vs.

MIKE D. MCDONALD,

    Respondent.                ORDER

_____/

        This federal habeas action is proceeding on the first amended petition (hereinafter "FAP") in which petitioner challenges his 2009 conviction for assault with a firearm and possession of a firearm by a felon. Respondent filed an answer to the FAP on June 28, 2011, and petitioner filed a traverse on September 16, 2011. (Dkt. Nos. 14, 23.)

        Complicating matters, petitioner on July 13, 2011 filed another habeas petition challenging his 2009 conviction and sentence, which originated a new action, Garduno v. McDonald, CIV S-11-1835 CKD P (E.D. Cal.) ("Garduno II"). On October 25, 2011, noting that petitioner had two active habeas cases challenging the same conviction, this court ordered that the petition in Garduno II be re-filed as an "amended petition" in the instant case and ordered that Garduno II be closed. (Garduno II, Dkt. No. 9.) Thus, the Garduno II petition is now labeled a Second Amended Petition in the instant action. (Dkt. No. 24.)

1       The court also transferred petitioner's September 14, 2011 motion to stay certain
2  claims in his Garduno II petition in order to exhaust state remedies as to those claims. (Id.) That
3  motion is now Docket No. 25 in the instant action.
4       Nothing in the court's order transferring the Garduno II petition gave petitioner
5  leave to proceed on the Second Amended Petition in the instant action. Habeas corpus petitions
6  may be amended as provided in the rules of procedure applicable to civil actions. 28 U.S.C. §
7  2242. The Federal Rules of Civil Procedure provide that a party may amend his or her pleading
8  "once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of
9  a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever
10 is earlier." Fed. R. Civ. P. 15(a). "In all other cases, a party may amend its pleading only with
11 the opposing party's written consent or the court's leave. The court should freely give leave
12 where justice so requires." Id.; see also E.D. Local Rule 220 (emphasis added). Although the
13 allegations of a pro se complaint are held to "less stringent standards than formal pleadings
14 drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is
15 required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern
16 District of California.
17      Here, petitioner filed a July 13, 2011 petition challenging his 2009 conviction and
18 sentence more than 21 days after the FAP was served on respondent. (See Dkt. No. 8.)
19 Petitioner has not secured respondent's written consent for filing a Second Amended Petition;
20 nor has he sought the court's leave as required by the federal rules. Accordingly, the court will
21 strike the Second Amended Petition, and this action will continue to proceed on the FAP.
22 Should petitioner wish to seek the court's leave to proceed on the Second Amended Petition, the
23 court will grant him 30 days to file a motion for leave to amend. Respondent will be granted an
24 additional 30 days to respond to any such motion.
25      Because petitioner's September 14, 2011 motion to stay does not apply to any
26 operative petition, the court will deny that motion as inapposite. However, petitioner will not be

prejudiced from renewing the motion to stay if, at some future date, this action proceeds on the Second Amended Petition.

Accordingly, IT IS HEREBY ORDERED that:

1. The Second Amended Petition filed on July 13, 2011 and transferred to this action on October 25, 2011 (Dkt. No. 24) is stricken due to petitioner's failure to obtain leave to amend;

2. Plaintiff may file a motion to amend no later than 30 days after issuance of this order;

3. Respondent may file a response to any such motion to amend no later than 30 days after the motion is filed; and

4. Petitioner's September 14, 2011 motion to stay the Second Amended Petition (Dkt. No. 25) is denied as inapposite, without prejudice to renewal if and when this action proceeds on the Second Amended Petition.

Dated: December 6, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
gard0469.ord2