IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LAWRENCE GARDUNO,<br><br>                    Petitioner,<br><br>        vs.<br><br>MIKE D. McDONALD, Warden, High Desert State Prison,<br><br>                    Respondent. | No. 2:11-cv-00469-JKS<br><br>MEMORANDUM DECISION |

Steven Lawrence Garduno, a state prisoner appearing *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Garduno is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the High Desert State Prison. Respondent has answered, and Garduno has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

Garduno was convicted by a Sacramento County jury of assault with a firearm (Cal. Penal Code § 245(a)(2)), committing the crime while personally armed with a firearm (Cal. Penal Code § 12022.5(a), (d)), and being a felon in possession of a firearm (Cal. Penal Code § 12021(a)(1)). The jury also found true that Garduno had suffered two prior serious felony convictions (Cal. Penal Code § 667(a)-(I)) and two prior prison terms (Cal. Penal Code § 667.5(b)). In February 2009 the Sacramento County Superior Court sentenced Garduno under California's "three-strikes" law to an aggregate indeterminate prison term of forty-one years to life. The California Court of Appeal, Third Appellate District, affirmed Garduno's conviction and sentence in an

unpublished decision,[1] and the California Supreme Court denied review on April 22, 2010.  On August 16, 2010, Garduno filed a petition for habeas relief in the Sacramento County Superior Court, which was denied in an unreported, reasoned decision on September 28, 2010.  Garduno then filed a petition for habeas relief in the California Court of Appeal on October 17, 2010, which was summarily denied without opinion or citation to authority on November 4, 2010, and the California Supreme Court denied review on January 19, 2011.  Garduno timely filed his Petition for relief in this Court on February 13, 2011, and his Amended Petition on March 31, 2011.

The facts underpinning the crimes of which Garduno was convicted in this case are not germane to the issues raised in Garduno's Petition.  Accordingly, they are not repeated here.

## II.  GROUNDS RAISED/AFFIRMATIVE DEFENSES

In his Amended Petition Garduno raises six grounds:  (1) he received ineffective assistance of counsel in connection with his 1995 plea; (2) the evidence was insufficient to prove the that he made terrorist threats in 1995; (3) because trial counsel in this case failed to move to dismiss the 1995 conviction, he was ineffective; (4) the use of the 1995 conviction as a serious felony to enhance the sentence in this case violated the Sixth Amendment; (5) the 1995 conviction was a misdemeanor and its use to enhance the sentence violated the Sixth Amendment; and (6) in failing to challenge the 1995 conviction on appeal in this case, appellate counsel was ineffective.  Respondent does not assert any affirmative defense.

---

[1] *People v. Garduno*, No. C061055, 2010 WL 109720 (Cal. Ct. App. Jan. 13, 2010).

III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C.

§ 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States" at the time the state court renders its decision or "was based

on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding."[2]  The Supreme Court has explained that "clearly established Federal law" in

§ 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the

time of the relevant state-court decision."[3]  The holding must also be intended to be binding upon

the states; that is, the decision must be based upon constitutional grounds, not on the supervisory

power of the Supreme Court over federal courts.[4]  Thus, where holdings of the Supreme Court

regarding the issue presented on habeas review are lacking, "it cannot be said that the state court

'unreasonabl[y] appli[ed] clearly established Federal law.'"[5]  When a claim falls under the

"unreasonable application" prong, a state court's application of Supreme Court precedent must

---

[2] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 402-06 (2000); *see also Lockyer v. Andrade*, 538 U.S. 63, 70-75 (2003) (explaining this standard).

[3] *Williams*, 529 U.S. at 412 (alteration added).

[4] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[5] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations in original) (citation omitted); *see also Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

3

be "objectively unreasonable," not just "incorrect or erroneous."[6]  The Supreme Court has made

clear that the objectively unreasonable standard is "a substantially higher threshold" than simply

believing that the state-court determination was incorrect.[7]  "[A]bsent a specific constitutional

violation, federal habeas corpus review of trial error is limited to whether the error 'so infected

the trial with unfairness as to make the resulting conviction a denial of due process.'"[8]  In a

federal habeas proceeding, the standard under which this Court must assess the prejudicial

impact of constitutional error in a state court criminal trial is whether the error had a substantial

and injurious effect or influence in determining the outcome.[9]  Because state court judgments of

conviction and sentence carry a presumption of finality and legality, the petitioner has the burden

of showing by a preponderance of the evidence that he or she merits habeas relief.[10]

The Supreme Court recently underscored the magnitude of the deference required:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal
> court relitigation of claims already rejected in state proceedings.  *Cf. Felker v.
> Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing
> AEDPA's "modified res judicata rule" under § 2244).  *It preserves authority to issue
> the writ in cases where there is no possibility fairminded jurists could disagree that
> the state court's decision conflicts with this Court's precedents.  It goes no farther.*
> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme
> malfunctions in the state criminal justice systems," not a substitute for ordinary error

---

[6] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[7] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410).

[8] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 643 (1974)).

[9] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[10] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (citations omitted); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

correction through appeal. *Jackson v. Virginia,* 443 U.S. 307, 332, n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.[11]

In applying this standard, this Court reviews the "last reasoned decision" by the state court.[12] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[13] This Court gives the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[14]

Under California's unique habeas procedure, a prisoner who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[15]

---

[11] *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011) (emphasis added).

[12] *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)); *cf. Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (explaining "how federal courts in habeas proceedings are to determine whether an unexplained order . . . rests primarily on federal law," and noting that federal courts must start by examining "the last reasoned opinion on the claim . . . . ").

[13] *Ylst*, 501 U.S. at 802-03 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *cf. Richter*, 131 S. Ct. at 784 ("As every Court of Appeals to consider the issue has recognized, determining whether a states court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.").

[14] *See Richter*, 131 S. Ct. at 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[15] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002) (citations omitted) (discussing

(continued...)

This is considered as the functional equivalent of the appeal process.[16]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[17]  This presumption applies to state-trial courts and appellate courts alike.[18]

## IV.  DISCUSSION

For the purposes of clarity and to avoid undue repetition, the Court will address Garduno's claims in three groups:  the claims challenging the 1995 conviction (Grounds  1 and 2); the two Sixth Amendment claims (Grounds 4 and 5); and finally the two ineffective assistance of counsel claims related to Garduno's current conviction (Grounds 3 and 6).

### A.   1995 Conviction

In September 1995, after entry of a guilty plea to a charge of a violation of California Penal Code § 422 (terrorist threats), Garduno was sentenced to 120 days in county jail, followed by five years of formal probation.  In his first ground Garduno contends that his 1995 trial counsel was ineffective in failing to adequately investigate the crimes.  In the second ground Garduno contends that his 1995 conviction was based upon insufficient evidence.  Garduno

---

[15](...continued)
California's "original writ" system).

[16] *See id.* at 222 ("Thus, typically a prisoner will seek habeas review in a lower court and later seek appellate review in a higher court . . . .").

[17] 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary . . . ." (citing 28 U.S.C. § 2254(e)(1))).

[18] *See Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004) ("Stevenson does not address these factual findings, let alone challenge them with clear and convincing evidence. Accordingly, we presume them to be correct." (citing 28 U.S.C. § 2254(e)(1); *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002))).

raised both these claims in his state-habeas petition.  The Sacramento County Superior Court

rejected both claims:

> [Garduno] next claims that his trial counsel in his 1995 case was ineffective in failing to investigate the case, that the. evidence was insufficient to prove the 1995 charge, and that trial counsel was ineffective in advising [Garduno] to plead guilty to the Penal Code § 422 charge.  He claims that had that not occurred, the conviction could not have been used to enhance his punishment Case No. 08F04004.  [Garduno] also claims that appellate counsel was ineffective in failing to raise this claim on appeal.
>
> This a collateral attack on Case No. 95F04225, which is the 1995 case to which [Garduno] refers in his claim.  In Case No. 95F04225, [Garduno] pleaded guilty to violating Penal Code § 422 on August 9, 1995, in exchange for being placed on 5 years of probation at the outset.  Probation was revoked and terminated on November 3, 1997.  [Garduno] never appealed the initial conviction in the case.  As such, the claim is untimely, and is barred from habeas corpus review unless (1) it alleges facts which, if proven, would establish that a fundamental miscarriage of justice occurred as a result of the proceedings leading to conviction, (2) the petitioner is presenting newly discovered claims after demonstrating due diligence (In re Robbins (1998) 18 Cal.4th 770, 811 812, 812 fn. 32; In re Clark (1993) 5 Cal. 4th 750, 774-775), or (3) the petitioner is claiming that the sentence is unauthorized, as an unauthorized sentence may be corrected at any time (People v. Welch (1993) 5 Cal.4th 228; In re Harris (1993) 5 Cal.4th 813, 842;  People v. Serrato (1973) 9 Cal. 753, 763, overruled on other grounds in People v. Fosselman (1983) 33 Cal.3d 572, 583 fn. 1).  Only the following represent a "fundamental miscarriage justice" for these purposes: (1) an error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner, (2) the petitioner is actually innocent of the crime or crimes of which the petitioner is convicted, (3) the death penalty was imposed by a sentencing authority which had such a grossly misleading profile of the petitioner before it that absent the trial error or omission no reasonable judge or jury would have imposed the sentence of death, or ( 4) the petitioner was convicted or sentenced under an invalid statute (In re Robbins, supra, 18 Cal.4th 770, 811-812, 812 fn. 32; In re Clark, supra, 5 Cal.4th 750, 787- 798).  [Garduno's] claim presents no such exception, thus is barred from habeas review.[19]

---

[19] Docket No. 12.

To the extent the Sacramento County Superior Court relied upon California state law, review of those conclusions on state law by the state court is beyond the purview of this Court.[20] Respondent argues that to the extent they are based upon Federal law, these two grounds are foreclosed by the Supreme Court decision in *Coss*.[21]  This Court agrees.

In *Coss* the Supreme Court held that a petitioner who claims that state sentence currently being served was enhanced by an allegedly unconstitutional prior conviction for which the sentence had fully expired satisfied the "in custody" requirement for federal habeas jurisdiction.[22]  The Supreme Court went on to hold that relief is generally unavailable to a state prisoner through a petition for a writ of habeas corpus when the prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody, except in those cases where there was a failure to appoint counsel in violation of the Sixth Amendment in connection with the prior conviction.[23]  The *Coss* court also noted a *possible* exception where the defendant has obtained clear and convincing evidence of actual innocence that he could not have uncovered in a timely manner using due diligence.[24]

---

[20] *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied).

[21] *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394 (2001).

[22] *Id.* at 401-02.

[23] *Id.* at 402-03 (noting the special or unique constitutional status of the *Gideon v. Wainwright*, 372 U.S. 335 (1963), the case that created the rule requiring the appointment of counsel in criminal cases).

[24] *Id.* at 405; *see West v. Ryan*, 652 F.3d 1048, 1057-58 (9th Cir. 2011).

Garduno's claim of insufficient evidence does not fit within the recognized exception to attacking a prior conviction (failure to appoint counsel).  No federal court, let alone the Supreme Court, has ever held that a claim of ineffective assistance of counsel in violation of *Strickland*,[25] even if sustained, sufficed to meet the *Coss* exception.  Indeed, the Ninth Circuit in an unpublished decision has held that it does not.[26]  Nor, even assuming *arguendo* that the declaration of his ex-wife constituted clear and convincing evidence of his actual innocence, Garduno cannot show that he could not have discovered this evidence in a timely manner using due diligence.  Garduno is not entitled to relief under his second ground.  Accordingly, because there was no viable basis upon which counsel could have challenged the validity of his 1995 conviction under either California or Federal law, Garduno does not prevail under his first ground.

**B.      Sixth Amendment Claims**[27]

In his fourth ground Garduno appears to contend that the charge to which he pleaded guilty in 1995 was not only "bogus," but also was not a serious or violent crime.  In his fifth ground Garduno contends that it was a misdemeanor.  Therefore, Garduno argues that the 1995

---

[25] *Strickland v. Washington*, 466 U.S. 668 (1984).

[26] *Mendez v. Roe*, 88 F. App'x 165, 168 (9th Cir. 2004).

[27] It does not appear from the record before this Court that Garduno raised either of these claims in the state courts.  Although Respondent has not raised failure to exhaust state-court remedies as an affirmative defense, neither has Respondent expressly waived it.  28 U.S.C. § 2254(b)(3).  Because Respondent has addressed the issues on the merits, it appears to be in the interests of the parties and judicial efficiency without unduly offending the interests of either comity or federalism for the Court to decide these two grounds on the merits.  Moreover, this Court also notes that it may deny a habeas claim on the merits, the failure to exhaust notwithstanding, when it is clear that the petition does not raise a colorable federal claim.  28 U.S.C. § 2254(b)(2); *Cassett v. Stewart,* 406 F.3d 614, 624 (9th Cir.2005); *see Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("plainly meritless").

conviction could not have been properly used as a basis for enhancing his sentence under California's "three-strikes" law.  Citing *Cunningham v. California*,[28] Garduno argues in both grounds that the use of the 1995 conviction to enhance his sentence somehow violated the Sixth Amendment.  The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

*Cunningham* held that the Sixth Amendment precluded increasing a sentence on factors, *other than a prior conviction*, that were found by a judge, not the jury.[29]  Nothing in either the Sixth Amendment or *Cunningham* supports Garduno's arguments.  As Respondent correctly points out, Garduno's arguments are based upon perceived errors of state law in applying California's "three-strikes" law.  Whether a prior conviction falls within the ambit of California's "three-strikes" law is purely a matter of state law, beyond the purview of this Court in a Federal habeas proceeding.[30]  A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[31]  "[The Supreme Court has] long recognized that a

---

[28] 549 U.S. 270 (2007).

[29] *Cunningham*, 549 U.S. at 274-75;  *see Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[30] *Cooke*, 131 S. Ct. at 863.

[31] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

mere error of state law is not a denial of due process."[32]  "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[33]  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."[34]  Because Garduno's arguments do not present a question of constitutional dimension, Garduno is not entitled to relief under his fourth and fifth grounds.

## C.     Ineffective Assistance of Counsel

Ground 3: Ineffective Assistance of 2009 Counsel

Garduno argues that, because he did not challenge his 1995 conviction in this case, his trial counsel was ineffective.  Garduno raised this issue in his state habeas proceeding.  The Sacramento County Superior Court rejected Garduno's argument:

> [Garduno's] trial counsel in Case No. 08F04004 would not have been successful in moving to dismiss the 1995 prior conviction on grounds of inadequate representation, because a motion to strike the prior conviction allegation would not have been cognizable on that ground.  Nor would trial counsel have been successful if counsel had filed a habeas corpus petition to make the challenge, as such a challenge would have been untimely and barred . . ..  As trial counsel was not

---

[32] *Cooke*,131 S. Ct. at 863 (internal quotation marks and citations omitted).

[33] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[34] *Smith v. Phillips*, 455 U.S. 209, 221 (1982) (citations omitted); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) ("It is beyond dispute that we do not hold a supervisory power over the courts of the several States." (quoting *Dickerson v. United States*, 530 U.S. 428, 438 (2000))).

ineffective in failing to challenge the 1995 prior on ineffective assistance grounds, the instant claim fails.[35]

Under *Strickland*, to demonstrate ineffective assistance of counsel, Garduno must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[36]  A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[37]  Garduno must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[38]  An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either one of the *Strickland* prongs.[39]

As both this Court, in rejecting his arguments under his first ground, and the Sacramento County Superior Court, applying analogous State law, have noted, even if counsel had sought to attack the 1995 conviction in the state court, he would not have prevailed.  Thus, Garduno was not prejudiced by the failure of his trial counsel to challenge his 1995 conviction in this case. Garduno is not entitled to relief under his third ground.

---

[35] Lodged Doc. 12 (citations omitted).

[36] *Strickland*, 466 U.S. at 687.

[37] *Id*.

[38] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[39] *See Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

Ground 6:  Ineffective Assistance of Appellate Counsel

Garduno contends that because he did not raise the preceding issues on direct appeal, appellate counsel was ineffective.  Garduno raised this claim in his state-habeas petition.  The Sacramento County Superior Court, after finding each of the alleged errors to be without merit, rejected the claim that appellate counsel was ineffective.[40]

The failure of appellate counsel to raise meritless or weak issues does not constitute ineffective assistance of counsel.[41]  Because none of his first five claims have merit, appellate counsel was not ineffective in failing to raise them.  Garduno is not entitled to relief under his sixth ground.

---

[40] Lodged Doc. 12.

[41] *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (holding that appellate counsel does not have an obligation to raise every nonfrivolous argument); *Miller v. Keeney*, 882 F.2d 1428, 1434-35 (9th Cir. 1989) (holding that appellate counsel's failure to raise a weak issue did not constitute ineffective counsel).

## V.  CONCLUSION AND ORDER

Garduno is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[42]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[43]

The Clerk of the Court is to enter judgment accordingly.

Dated: November 30, 2012.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[42] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327)).

[43] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.